# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CUSTOM MANUFACTURING AND
ENGINEERING, INC.,

    Plaintiff,

v.                                                   Case No.  8:03-cv-2671-T-30MAP

MIDWAY SERVICES, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING RULE 11 SANCTIONS

    THIS CAUSE comes before the Court upon the Court's request that Plaintiff and Plaintiff's counsel show cause, if any they have, why Rule 11 sanctions should not be entered in this matter because of Plaintiff's lack of any reasonable basis for its claims against Defendants JUDD SHEETS ("Sheets"), JAMES F. STOSIC ("Stosic") and GENIUM, INC. ("Genium").  Plaintiff filed its response to the Order to Show Cause (Dkt. #109) on May 2, 2005.  The Court has reviewed the response and determines that Rule 11 sanctions are appropriate.

    The facts of this case are set forth in this Court's summary judgment Order entered on April 19, 2005, and will not be repeated here.  Further, the summary judgment Order sets forth why Plaintiff had no legally tenable claim against Defendants Sheets, Stosic and Genium, Inc.  Rule 11 of the Federal Rules of Civil Procedure provides that, in filing a complaint, an attorney certifies that he or she has conducted a reasonable inquiry and that the

pleadings "allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b)(3).

The Eleventh Circuit has held that the objective standard for testing conduct under Rule 11 is reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted. Baker v. Alderman, 158 F.3d 516 (11th Cir. 1998). A two-step inquiry is required: (1) whether the parties' claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous. Baker, 158 F.3d at 524. In the case before the Court, the claims against Sheets, Stosic and Genium were objectively frivolous and a reasonable inquiry prior to filing the Complaint would have revealed as much.

At the time Plaintiff filed its Complaint against these three Defendants, it knew only that they had been hired as outside consultants by Midway Services, Inc. to make suggestions for correcting problems that Midway had experienced with the water metering system. In its Complaint, Plaintiff alleged that these Defendants knowingly participated in the alleged trade dress infringement by aiding in the design and manufacture of the circuit boards with the legend on them. The allegation of "aiding in the manufacture" was sufficient to avoid Defendants' motion to dismiss.

At summary judgment, it was obvious that these Defendants had no connection whatsoever to the manufacture of the printed circuit boards about which Plaintiff complained. All these Defendants did was respond to Midway's request that they make suggestions about the cause and possible solutions to the problems Midway was experiencing with the system.

They did not perform the actual design work for the redesigned system and did not even know which, if any, of their suggestions were incorporated into the new system by the person who actually performed the redesign. As stated by this Court in the summary judgment Order, these Defendants had no part in ordering the parts in question and certainly had no knowledge that Custom's name would appear on the printed circuit boards ordered by Midway. In spite of no evidence of wrongdoing, these Defendants were swept into this federal litigation. Plaintiff and its attorneys exhibited a deliberate indifference to obvious facts. The evidence was not merely weak, it was non-existent.

This Court determines it is appropriate to apply Rule 11 sanctions to deter future frivolous lawsuits. Therefore, Rule 11 sanctions are hereby applied against Plaintiff CUSTOM MANUFACTURING AND ENGINEERING, INC., and its attorney who signed the Complaint, ROBIN S. TRUPP. An appropriate sanction would be an award of reasonable attorneys' fees and costs incurred by Defendants JUDD SHEETS, JAMES F. STOSIC and GENIUM, INC. as a result of this frivolous lawsuit against them. A determination of reasonableness should include a consideration of financial ability to pay.

The Court directs the parties to attempt to resolve the amount of reasonable fees and costs and, if they are unable to do so, this Court will entertain a hearing to determine the amount of reasonable attorneys' fees and costs to be awarded and will also hear evidence on the issue of financial ability to pay. Defendants JUDD SHEETS, JAMES F. STOSIC and GENIUM, INC. are directed to contact this Court if a hearing is necessary.

It is therefore ORDERED AND ADJUDGED that:

1. Rule 11 sanctions are hereby applied against Plaintiff CUSTOM MANUFACTURING AND ENGINEERING, INC., and its attorney who signed the pleading, ROBIN S. TRUPP.

2. The Court directs the parties to attempt to resolve the amount of reasonable attorneys' fees and costs **within thirty (30) days** of the date of this Order, and, if they are unable to do so, this Court will entertain a hearing to determine the amount of reasonable attorneys' fees and costs to be awarded and will also hear evidence on the issue of financial ability to pay.

3. Defendants JUDD SHEETS, JAMES F. STOSIC and GENIUM, INC. are directed to promptly contact this Court if a hearing is necessary.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\03-cv-2671.Rule11Sanctions.frm