UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CUSTOM MANUFACTURING AND
ENGINEERING, INC.,**

    Plaintiff,

v.                                          Case No. 8:03-cv-2671-T-30MAP

**MIDWAY SERVICES, INC., et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court *sua sponte* and upon Defendants Genium Inc. and James F. Stosic's Motion for Sanctions against Plaintiff and Its Counsel (Dkt. 104), Defendants James F. Stosic and Genium, Inc.'s Motion for Attorneys' Fees (Dkt. 112) and Defendant Judd Sheets' Motion for Attorneys' Fees (Dkt. 113).

### PROCEDURAL BACKGROUND

On December 22, 2003, Plaintiff filed a three count Complaint against Defendants alleging false designation of original, or the Lanham Act (Count I), Florida Deceptive and Unfair Trade Practices Act (Count II), and Tortious Interference with Business Relationships (Count III). Subsequently, on February 2, 2004, Defendants Midway, Automated Engineer, MDCO and NTU Electronics filed a Motion for Rule 11 Sanction (Dkt. 8). On April 26, 2004, this Court delayed ruling on the Motion for Rule 11 Sanctions, but cautioned all parties

and counsel from "raising or continuing to raise any frivolous claim, defense, or motion or from engaging in vexatious conduct that multiplies the length of this proceeding." (Dkt. 15).

On December 13, 2004, Defendants filed Motions for Summary Judgment (Dkts. 62, 63, 64). Plaintiff responded on January 11, 2005 (Dkt. 75), and on March 2, 2005, a hearing on the Motions for Summary Judgment was held (Dkt. 101). During this hearing the Court specifically cautioned Plaintiff's counsel that Rule 11 sanctions were imminent, "Okay. I grant judgment in favor of Stosic, Genium, and Sheets. *I think your bigger problem is now addressing Rule 11 sanctions why you even brought them in this case. I don't see any possible claim you ever had against those three defendants.*" (Dkt. 101 at 23) (emphasis added). Subsequently, on March 4, 2005, a Motion for Rule 11 Sanctions was filed by Defendant Stosic and Genium, Inc. (Dkt. 104). Plaintiff, thereafter, filed its response to the same (Dkt. 107).

On April 19, 2005, this Court entered an Order granting the Motions for Summary Judgment and ordering Plaintiff to show cause why Rule 11 sanctions should not be entered against it (Dkt. 108). Plaintiff responded on May 2, 2005, relaying its views as to why sanctions should not be entered (Dkt. 109). Notwithstanding Plaintiff's arguments, this Court, on May 27, 2005, entered an Order assessing Rule 11 sanctions against Plaintiff and its attorney Robin S. Trupp (Dkt. 125). An evidentiary hearing on Defendants' Motions for Attorneys' Fees[1] and Mr. Trupp's ability to pay was held on April 27, 2006 (Dkt 201).[2]

---

[1] This hearing only addressed the Rule 11 sanctions requested by Genium and Stosic in their Motion for Rule 11 Sanctions (Dkt. 104) and those sanctions issued on this Court's own initiative.
(continued...)

During the hearing, Defendants Genium, Stosic, and Sheets presented evidence as to the reasonableness of the fees submitted. Similarly, Mr. Trupp presented evidence as to his ability, or lack thereof, to pay any sanctions assessed against him. Mr. Trupp's firm, Arnstein & Lehr, also made arguments to this Court why Rule 11 sanctions should not be assessed against it for the actions of its partner, Mr. Trupp.[3] It is upon this procedural posture this Court bases its decision.

## DISCUSSION

**A.   Rule 11.**

Rule 11 of the Federal Rules of Civil Procedure outlines when sanctions can be imposed on a party and on an attorney. Specifically, Rule 11 states, in relevant part:

> **(c) Sanctions**. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) *How Initiated.*

---

[1](...continued)
As Plaintiff has appealed the entry of summary judgment as to Defendants Midway Services, Inc., Automated Engineering Corporation, MDCO, Inc. and NTU Electronics, Inc., this Court reserved ruling on the issue of sanctions and attorneys' fees as to these Defendants until resolution of the pending appeal. Accordingly, this Order will not address these issues.

[2]Due to the number of witnesses whom testified during the hearing, the evidentiary hearing was continued and reconvened on June 1, 2006 (Dkts. 204, 217).

[3]Arnstein & Lehr, LLP did not appear as an interested party in this matter until May 24, 2006, (Dkt. 210) when it responded to this Court's Order to Show Cause why sanctions should not be assessed. (Dkt. 203). Counsel for Arnstein & Lehr appeared and argued against the imposition of sanctions at the June 1, 2006 hearing and later, on June 15, 2006, filed a Memorandum of Law supporting its Response to the Order to Show Cause. (Dkt. 220)

(A) By Motion. A motion for sanction under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. ***Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees***.

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitation.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) ***Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.***

F.R.C.P. 11 (2006) (emphasis added).

When testing conduct under Rule 11, a court is to use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable

to believe at the time the pleading was submitted. Baker v. Alderman, 158 F.3d 516 (11th Cir. 1998). In making this determination, a two step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous. Id. at 524.

Plaintiff and Mr. Trupp argue that Rule 11 sanctions should not be assessed against them because at the time the complaint was filed, Plaintiff and its counsel had a reasonable legal and factual basis for filing suit against Defendants Genium, Stosic and Sheets. Similarly, Arnstein & Lehr argues that Rule 11 sanctions should not be assessed against it because Rule 11 does not permit sanctions to be levied against a party or counsel on the court's own initiative (Dkt. 220). Arnstein & Lehr also argues that the Motion for Sanctions filed by Stosic and Genium is defective because it did not comply with Rule 11's twenty-one (21) day notice rule as to it, only as to Robin Trupp. Finally, Arnstein & Lehr argues any sanctions assessed against it should be limited to the period in which Mr. Trupp was a partner. This Court finds each of these arguments, except the last, unavailing.

      1.     Sanctions can be imposed on this Court's own motion.

Contrary to Mr. Trupp and Arnstein & Lehr's contentions, monetary sanctions against a party can be imposed by a court on its own initiative. Rule 11 only prohibits the imposition of monetary sanctions in two instances. See F.R.C.P. 11(c)(2)(A). First, monetary sanctions can not be issued against a represented party for violating subdivision (b)(2), which seeks to

protect parties from being responsible for the legal arguments presented by counsel.[4] Second, monetary sanctions can not be imposed on the court's initiative if the court's order to show cause is issued **after** a voluntary dismissal or settlement of the claims. F.R.C.P. 11 (2)(B) (emphasis added). However, in this case, neither of these scenarios is present. This case was resolved at the summary judgment stage, with summary judgment being entered in favor of the Defendants. As such, monetary sanctions can be issued on this Court's own initiative.

        2.     Notice and due process.

Arnstein & Lehr argues that because Defendants did not adhere to the notice provision of Rule 11, that sanctions cannot be imposed.[5] First, Rule 11 specifically provides that as a general rule, a law firm is responsible for sanctions against its members; Arnstein & Lehr acknowledges Mr. Trupp was given notice. Second, Plaintiff and Plaintiff's counsel were notified early in these proceedings of the possibility that Defendants would seek Rule 11 sanctions, specifically through both this Court's admonishment during the March 2, 2005 hearing on the summary judgment motions and the filing of a Motion for Rule 11 Sanctions on February 10, 2004. Although ruling on this Motion was subsequently deferred, Plaintiff

---

[4]Subdivision (b)(2) deals with the legal arguments presented by counsel that are not supported by law or a non-frivolous reason for a change in the law.

[5]Rule 11 provides a twenty-one (21) day safe harbor provision which precludes a party from filing a Rule 11 motion for twenty-one (21) days after serving the motion on the opposing party. If the opposing party does not cure or address those issues addressed in the Rule 11 motion during this twenty-one (21) day period, the filing party may then file the Rule 11 motion with the court. See Fed. R. Civ. P 11(c)(1)(A) (2006).

and Plaintiff's counsel were given notice again on March 4, 2005 with the filing of Defendants Stosic and Genium's Motion for Rule 11 sanctions and again on April 19, 2005, via this Court's entry of an Order to Show Cause. This Order provided Plaintiff and Plaintiff's counsel eleven (11) days in which to respond to the Order to Show Cause. Similarly, on May 4, 2006, this Court issued another Order to Show Cause to Arnstein & Lehr providing them twenty (20) days to respond showing cause why sanctions should not be entered. (Dkt. 203). As has been previously held in this Circuit, "[d]ue process requires that the attorney (or party where applicable) has fair notice of the possible imposition of Rule 11 sanctions and of the reasons for their imposition." Donaldson v. Clark, 819 F.2d 1551, 1559-60 (11th Cir. 1987). Plaintiff, Plaintiff's counsel and Arnstein & Lehr were provided notice of the possible imposition of Rule 11 sanctions, the reasons for their imposition and an opportunity to voice their objections. Accordingly, they were afforded due process. Id. at 1560.

       3.     Limitation of assessment of sanction as to Arnstein & Lehr, LLP.

Arnstein & Lehr's final argument is that any sanctions assessed against it should be limited to the period of Mr. Trupp's association with the firm. This Court agrees. As stated above, Mr. Trupp filed this lawsuit on behalf of Plaintiff on December 22, 2003. At the time the Complaint was filed, Mr. Trupp was a sole practitioner. He became a partner with the law firm of Arnstein & Lehr, LLP on October 11, 2004. Therefore, all sanctions assessed against Arnstein & Lehr will begin upon the date Mr. Trupp became associated with the firm.

**B.     The Sanctions.**

1.     Stosic and Genium.

The sanctions awarded to Stosic and Genium are based on their Motion for Rule 11 Sanctions (Dkt. 104).   In reviewing the billing records of Richard E. Fee and Kathleen M. Wade of the law firm of Fee & Jeffries, P.A., this Court assesses the following sanctions:

- Robin S. Trupp[6] and Plaintiff[7]:     $57,919.60[8]

- Arnstein & Lehr, LLP:          $42,211.00[9]

---

[6] While Mr. Trupp has argued to this Court his inability to pay, based on the evidence presented during the hearing, this Court finds Mr. Trupp's arguments unpersuasive.  Based on his testimony, Mr. Trupp earns $240,000 per year as a partner with Arnstein & Lehr, and has approximately $21,109.55 in monthly expenses (including monies sent to his children in school, and a monthly $12,000 American Express bill).  The Court  finds Mr. Trupp, by readjusting his monthly expenditures, indeed has the ability to pay those sanctions assessed against him.

[7] The billing records of Robin S. Trupp, P.A. reveal that Mr. Micheal S. Crews, an attorney and son of the Plaintiff's principal and owner and involved with the Plaintiff's business, was heavily involved in both the research of the claims asserted against Defendants Stosic and Genim and the drafting of the Complaint.  His involvement in instituting this lawsuit and continuing the prosecution of the same makes him, in this Court's judgment, just as culpable as Mr. Trupp because he knew or should have known at the time this suit was filed there was no factual basis to pursue any claim against these Defendants.

[8] This amount is determined as follows: Fee's fees (25.8 hours at $250/hour = $6,450.00), and Wade's fees (208.72 hours at $180/hour = $37,569.60) for defending the lawsuit and for that work done in pursuing Rule 11 sanctions and Potter's fees for litigating the Rule 11 sanctions issue (55.6 hours at $250/hour = $13,900.00).

[9] This amount is determined as follows: Fee's fees (10.5 hours at $250/hour = $2,625.00), Wade's fees (142.7 hours at $180/hour = $25,686.00), and Potter's fees (55.6 hours at $250/hour = $13,900.00) from the date of October 18, 2004 to the present.  This is a part of, and not in addition to, the $57,919.60 for which Mr. Trupp is responsible.

      2.     Judd Sheets.

While Mr. Sheets did not file a Motion for Rule 11 Sanctions, this Court, pursuant to Rule 11(b)(3), will assess sanctions against Mr. Trupp and Arnstein & Lehr on its own motion. As stated previously, there was no factual basis for Plaintiff's filing of this lawsuit. Moreover, Plaintiff and Plaintiff's counsel were put on notice by this Court and Defendants that Rule 11 sanctions were warranted and being considered, respectively. Additionally, Plaintiff and counsel were repeatedly warned by this Court regarding the ramifications for filing and pursuing a frivolous lawsuit and frivolous claims. Instead, Defendants and their attorneys were forced to expend time and monies to unnecessarily defend a lawsuit that was frivolous at its inception.

As discussed above, Rule 11 permits a Court on its own motion to levy monetary sanctions against a party for violations of the Rule. The Rule, however, is silent as to whether attorneys' fees can be assessed as a monetary sanction. Conversely, the Committee notes are not:

> The power of the court to act on its own initiative is retained, but with the condition that this be done through a show cause order. This procedure provides the person with notice and an opportunity to respond. The revision provides that **a monetary sanction imposed after a court-initiated show cause order be limited to a penalty payable to the court**.

Fed. R. Civ. P. 11 1993 Advisory Committee Notes (2006) (emphasis added). While this Court is inclined to impose against the offending parties reasonable sanctions in the form of

attorneys' fees, it is unable to do so.  For this reason alone, the sanctions are assessed as follows:

- Robin S. Trupp and Arnstein & Lehr, LLP-    $5,000.00[10]

This amount is to be paid into the Court registry for the benefit of the Federal Bar Association of Tampa.  The Federal Bar Association is to use these funds for a seminar regarding professionalism and ethics, dealing specifically with those factors that need to be considered by attorneys and law firms prior to bringing a lawsuit in federal court.

**C.    Attorneys' Fees**[11].

1.    Florida Deceptive and Unfair Trade Practices Act.

Pursuant to Florida Statute §501.2105(1) (2006), a prevailing party is entitled to receive reasonable attorney's fees and costs from the nonprevailing party.  As summary judgment was entered in favor of Defendants Stosic, Genium and Sheets, they are entitled to prevailing party fees.  Accordingly, Plaintiff is hereby ordered to pay attorneys' fees in the

---

[10] This sanction is assessed against Mr. Trupp and Arnstein & Lehr, LLP jointly and severally.

[11] In calculating the total fee amount for each Defendant, the Court used the number of hours expended by the Fee & Jeffries firm.  The hourly rates, however, differed, i.e. Fee's hourly rate is $250, while Wade and Clark and Lewis' hourly rates are $180.  It should be noted that no differentiation was made between the work done by Clark and Lewis on behalf of Sheets.  Those fees addressed in this Order which pertain to Sheets are to be divided between counsel based on the percentage of work done in this matter by each attorney.

amount of $40,727.60 as to Defendants Stosic and Genium, Inc.[12] and $40,727.60 as to Defendant Sheets.[13]

        2.       Attorneys' fees under the Lanham Act.

Under the Lanham Act, attorneys' fees are awarded to the prevailing party in "exceptional cases." See Nutrivida, Inc. v. Inmuno Vital, Inc., 46 F.Supp.2d 1310, 1317 (S.D. Fla. 1998). These exceptional cases include those which are "'malicious, fraudulent, deliberate, and willful,' or one in which 'evidence of fraud or bad faith' exists." Tire Kingdon, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001) (citations omitted). As detailed in this Court's Order granting Rule 11 sanctions (Dkt. 125), at the time Plaintiff filed its Complaint, it only knew that Stosic, Genium and Sheets had been hired as outside consultants by Midway Services, Inc. to make suggestions for correcting problems that Midway had experienced with the water metering system. In the Complaint, Plaintiff alleged that the Defendants "knowingly participated in the alleged trade dress infringement by aiding in the design and manufacture of the circuit boards with the legend on them." (Dkt.

---

[12] The prevailing party fees paid by Plaintiff to Defendants Stosic and Genium are not in addition to the sanctions detailed above. The $40,727.60 in prevailing party fees is a part of the $57,919.60 sanction assessed against Plaintiff and Mr. Trupp.

[13] The attorneys' fees presented by counsel for Defendant Sheets were, in this Court's opinion, unreasonable. In reviewing the billing records, however, it is the total number of hours expended with which this Court takes issue, not the hourly rate. It is understandable that an attorney who charges a lower rate may take longer to complete a task than that of an attorney who charges a higher rate per hour, however the hours expended by counsel for Defendant Sheets was almost double that of what was expended by counsel for Defendants Stosic and Genium, Inc. for what appears to be the same type of work. Notwithstanding, counsel for Defendant Sheets performed work in defending this lawsuit and should be compensated accordingly, albeit at a lower number of hours.

125 at 2). Notwithstanding this allegation, at the summary judgment stage Plaintiff failed to present any evidence that these Defendants performed any actual design work for the redesigned system or had any connection to the manufacturing of the printed circuit boards. As to these Defendants, the lawsuit was frivolous from its inception[14] and despite repeated warnings concerning the prosecution of frivolity, this matter proceeded through discovery up to the filing and ruling on motions for summary judgment.

Any argument by Plaintiff that the initiation and continued prosecution of this matter was solely at the suggestion of its counsel, Mr. Trupp, is belied by Mr. Crews's involvement in both the research of the claims asserted and the drafting of the Complaint. Mr. Crews knew or should have known at the time this suit was filed there was no factual basis to pursue a Lanham Act claim against these Defendants and his involvement in instituting this lawsuit and continuing the prosecution of the same is, in this Court's view, evidence of bad faith. Accordingly, this Court finds that attorneys' fees under the Lanham Act are warranted. However, because the number of hours spent defending against the Lanham Act claim are so intertwined with those spent defending against the FDUTPA claim, those fees paid to Defendants for FDUTPA shall account for the attorneys' fees associated with the Lanham Act claim.

It is therefore ORDERED AND ADJUDGED that:

---

[14]It is clear to this Court that the real basis for the filing of this suit was to "fight fire with fire;" an attempt to bring added pressure against Midway because of its state lawsuit then pending against Plaintiff. This is not the purpose for which suits should be filed in the federal courts.

1. Defendants Genium Inc. and James F. Stosic's Motion for Sanctions against Plaintiff and Its Counsel (Dkt. 104) is **GRANTED**.

2. Sanctions are assessed against Mr. Robin S. Trupp, individually, and his firm Arnstein & Lehr, LLP in the amounts specified in this Order. They shall pay the sanctions within thirty (30) days, failing which Defendants shall be entitled to a judgment upon which execution shall issue.

3. Defendants James F. Stosic and Genium, Inc.'s Motion for Attorneys' Fees (Dkt. 112) and Defendant Judd Sheets' Motion for Attorneys' Fees (Dkt. 113) are **GRANTED**.  Attorneys' Fees are to be paid by Plaintiff Custom Manufacturing & Engineering, Inc. in the amounts specified in this Order. They shall pay the fees within thirty (30) days, failing which Defendants shall be entitled to a judgment upon which execution shall issue.

4. The Court reserves jurisdiction as to Defendants Midway Services, Inc., Automated Engineering Corporation, MDCO, Inc., and NTU Electronics, Inc.'s Motion for Rule 11 Sanctions (Dkt. 8) and Motion for Attorneys' Fees and Costs (Dkt. 110), specifically as to the amount.

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\03-cv-2671 - Motion for Sanctions.frm